**MARC W. TAUBENFELD**
Texas Bar Number 19679800
**J. MARK CHEVALLIER**
Texas State Bar 04189170
**MCGUIRE, CRADDOCK & STROTHER, P.C.**
2501 North Harwood, Suite 1800
Dallas, Texas 75201
T: (214) 954-6809
F: (214) 954-6850
MChevallier@mcslaw.com
MTaubenfeld@mcslaw.com
**PROPOSED COUNSEL FOR**
**TEXAS E&P OPERATING, INC.**
**DEBTOR & DEBTOR-IN-POSSESSION**

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 17-34386-sgj-11 |
| | § | |
| TEXAS E&P OPERATING, INC., | § | CHAPTER 11 |
| | § | |
| *Debtor.* | § | **Interim Hearing:** |
| | § | **December 6, 2017 @ 9:30 a.m.** |

**DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS**
**(I) AUTHORIZING DEBTOR TO USE CASH COLLATERAL PURSUANT TO**
**11 USC §363, (II) GRANTING ADEQUATE PROTECTION PURSUANT TO**
**11 USC §§361, 362, AND 363, (III) SCHEDULING A FINAL HEARING PURSUANT**
**TO BANKRUPTCY RULES 4001(B), AND (IV) GRANTING RELATED RELIEF**

Texas E&P Operating, Inc. (the "*Debtor*") files this motion (this "*Motion*") pursuant to sections 105, 361, 362, and 363 of title 11 of the United States Code (the "*Bankruptcy Code*"), Rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and Rules 2002-1, 4001-1, and 9014-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "*Local Rules*"), seeking entry of an interim order (the "*Interim Order*"),[1] and a final order (the "*Final Order*"): (i) authorizing the Debtor to use Cash Collateral (as defined below), authorizing the Debtor to grant adequate

---

[1] The Debtor will file the form of Interim Order prior to the Interim Hearing (as defined herein).

protection to the Prepetition Lender (as defined below) under the Prepetition First Lien Facility (as defined below), (iii) scheduling a hearing (the "*Final Hearing*") to consider entry of the Final Order and (iv) granting related relief.  In further support of this Motion, the Debtor respectfully represents as follows:

### PRELIMINARY STATEMENT

1. As described in more detail in this Motion the Debtor seeks to use certain Cash Collateral of the Prepetition Lender as part of its efforts to stabilize its business and reorganize.

2. Through the use of Cash Collateral, the Debtor will have access to the necessary funding to: (a) continue the day-to-day operation of its business; (b) fund the expenses necessary to preserve the value of its oil and gas assets; (c) pay adequate protection payments to the Prepetition Lender; and (d) fund this Chapter 11 Case.

3. The Debtor's inability to us Cash Collateral would be catastrophic for the Debtor's estate, creditors and all other parties in interest. Absent the short term liquidity provided by the use of Cash Collateral, the Debtor would, among other things, be unable to fund its employee obligations, pay vendors and suppliers which would result in an immediate cessation of its business operations. In sum, the relief requested by this Motion is a necessary step to both preserving the Debtor's operations as well as a bridge to a going concern transaction that maximizes value for the Debtor's estate and all of its stakeholders.  As the Debtor is prepared to demonstrate at the hearing on this Motion, the relief requested herein represents a sound exercise of business judgment and should be approved.

### JURISDICTION

4. The United States Bankruptcy Court for the Northern District of Texas (the "*Court*") has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

5. Venue in this Court is proper pursuant to 28 U.S.C. §§1408 and 1409.

6. The statutory bases for the relief requested herein are sections 105, 361, 362 and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001 and 9014 and Local Rules 2002-1, 4001-1 and 9014-1.

**BACKGROUND**

7. As of the Petition Date, the Debtor owns approximately 4,902 net acres in Texas, Louisiana, and New Mexico, specifically in Calcasieu Parish, Louisiana, in Willacy, Jackson, Anderson, Cherokee and Gregg Counties, Texas, and in Lea County, New Mexico. The Debtor is pursuing opportunities in the Hackberry Frio and Miocene sandstones in the Texas-Louisiana Gulf Coast, the Subclarksville sand and Travis Peak and Pettet limestone in East Texas.

8. The Debtor, like many other E&P companies, has faced significant economic challenges as a result of the dramatic decline in global oil prices, the low price of natural gas, and general and continuing instability in the energy markets. In particular, the Debtor's cash flow has been essentially curtailed in recent months through a combination of collection through two state court receiverships and offsets and sweeps of the Debtors' bank accounts by the Prepetition Lender. These factors starved the company of cash flow and the capital to fully maintain its operations which has caused a decline in the Debtor's production volumes and associated revenue at a critical time. Faced with a heavy debt burden, the Debtor commenced this Chapter 11 Case to effectuate a financial restructuring.

9. On November 29, 2017 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code (the "*Chapter 11 Case*"). The Debtor continues to operate its business as Debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee of unsecured creditors has been appointed in the Debtor's Case.

10. As of the Petition Date, the Debtor's principle outstanding prepetition funded indebtedness consisted of the following facilities:

**Prepetition First Lien Facility**

11. On September 30, 2011, the Debtor entered into a $20 million senior secured term loan agreement among itself and Mark Plummer, as guarantors and F&M Bank & Trust Company (as amended and modified, the "*Prepetition First Lien Facility*"). Prosperity Bank is the successor by merger to F&M Bank & Trust Company (the "*Prepetition Lender*"). As of November 29, 2017, the Debtor believes there is approximately $5 million in aggregate principal amount outstanding under the Prepetition First Lien Facility although the Prepetition Lender indicates this amount is higher. This obligation is secured by a substantial portion, but not all of the Debtor's assets. As of the Petition Date, the Debtor was not current on its obligations under the Prepetition First Lien Facility.

## RELIEF REQUESTED

12. For the reasons set forth herein, the Debtor seeks authorization to use Cash Collateral of the Prepetition Lender. Specifically, by this Motion, the Debtor seeks the following relief:

(a) Authorizing the Debtor to use "cash collateral" as such term is defined in section 363 of the Bankruptcy Code (the "*Cash Collateral*") of the Prepetition Lender;

(b) Authorizing the Debtor to grant adequate protection to the Prepetition Lender under the Prepetition First Lien Facility;

(c) Scheduling a Final Hearing to consider entry of the Final Order; and

(d) Waiving of any applicable stay and providing for the immediate effectiveness of the Interim Order.

### **THE DEBTOR'S LIQUIDITY NEEDS**

13. The Debtor's management team prepared a Cash Collateral Budget for the month of December (the "*Cash Collateral Budget*"), annexed as **Exhibit A** to this Motion. The Cash Collateral Budget takes into account anticipated cash receipts and disbursements during the projected December period.

### **BASIS FOR RELIEF**

**The Debtor Should Be Authorized to Use Cash Collateral**

14. In order to maintain itself as a going concern, the Debtor requires the use of Cash Collateral. Pursuant to section 363(c)(2) of the Bankruptcy Code, a debtor may use cash collateral as long as "(A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. §363(c)(2). Section 363(e) of the Bankruptcy Code provides for adequate protection of interests in property when a debtor uses cash collateral. Further, section 362(d)(1) of the Bankruptcy Code provides for adequate protection of interests in property due to the imposition of the automatic stay. *See In re Cont'l Airlines*, 91 F.3d 553, 556 (3d Cir. 1996).

15. The Debtor is working with the Prepetition Lender to obtain an agreement on the Cash Collateral Budget and adequate protection that will satisfy the requirements of sections 363(c)(2) and (e), and should be authorized to use the Cash Collateral. As set forth in the Cash Collateral Budget, the Debtor is providing the Prepetition Lender with an adequate protection payment and dollar for dollar replacement liens on collateral not currently subject to the liens of the Prepetition Lender, but only to the extent of a diminution of value of Prepetition Lender's prepetition collateral resulting from the limited use of Cash Collateral sought by this Motion. Accordingly, the Court should authorize the Debtor to use the Cash Collateral under section 363(c)(2) and (e) of the Bankruptcy Code.

**The Debtor Require Immediate Access to the Cash Collateral**

16. The Debtor seeks immediate use of Cash Collateral as described in the Cash Collateral Budget. This Court may grant interim relief in respect of a motion filed pursuant to section 363(c) of the Bankruptcy Code where, as here, interim relief is "necessary to avoid immediate and irreparable harm to the estate pending a final hearing." Fed. R. Bankr. P. 4001(b)(2), (c)(2).

17. Bankruptcy Rule 4001(b)(2) governs the procedures for obtaining authorization to use Cash Collateral provides, in relevant part:

> The court may commence a final hearing on a motion for authorization to use cash collateral no earlier than 14 days after service of the motion. If the motion so requests, the court may conduct a hearing before such 14 day period expires, but the court may authorize the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

The Debtor has an immediate postpetition need to use Cash Collateral. The Debtor cannot maintain the value of its estate during the pendency of this Chapter 11 Case without access to cash. The Debtor will be unable to operate its business as a going concern in the near term without use of Cash Collateral, and will suffer immediate and irreparable harm to the detriment of all creditors and other parties in interest. In short, the Debtor's ability to finance its operations and the availability of sufficient working capital and liquidity to the Debtor through the use of Cash Collateral is vital to the preservation and maintenance of the going concern value of the Debtor's estate.

18. The Debtor, therefore, seeks immediate authority to use Cash Collateral on an interim basis and as set forth in this Motion to prevent immediate and irreparable harm to its estate pending the Final Hearing pursuant to Bankruptcy Rules 4001(b). Accordingly, to the extent the Debtor requires the use of Cash Collateral, the Debtor respectfully submits it has satisfied the

requirements of Bankruptcy Rule 4001 to support an expedited preliminary hearing and immediate Cash Collateral availability on an interim basis.

### **REQUEST FOR FINAL HEARING**

19.     Pursuant to Bankruptcy Rule 4001(b)(2), the Debtor requests that the Court set a date for the Final Hearing as soon as practicable and fix the date and time prior to the Final Hearing for parties to file objections to the relief requested by this Motion.

### **WAVIER OF BANKRUPTCY RULES REGARDING NOTICE OF STAY OF AN ORDER**

20.     To implement the foregoing successfully, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and any stay of an order granting the relief requested herein pursuant to Bankruptcy Rule 6004(h), 7062, 9014 or otherwise for all of the reasons described above.

### **NOTICE**

21.     The Debtor has provided notice of this Motion to: (a) the Office of the United States Trustee for the Northern District of Texas; (b) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims against each Debtor filed pursuant to Bankruptcy Rule 1007(d); (c) Counsel to the Prepetition Lender; (d) the Office of Attorney General for the State of Texas; (e) the Internal Revenue Service; and (f) any party who has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested in this Motion, the Debtor respectfully submits that no further notice is necessary.

### **NO PRIOR REQUEST**

22.     No prior motion for the relief requested herein has been made to this or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

WHEREFORE, the Debtor respectfully requests the Court grant the relief requested herein and such other and further relief as is just and proper.

Dated: December 1, 2017, Dallas, Texas.

Respectfully Submitted,

*/s/ J. Mark Chevallier    [2017-12-01]*
**MARC W. TAUBENFELD**
Texas Bar Number 19679800
**J. MARK CHEVALLIER**
Texas State Bar 04189170
MCGUIRE, CRADDOCK & STROTHER, P.C.
2501 North Harwood, Suite 1800
Dallas, Texas 75201
T: (214) 954-6809
F: (214) 954-6850
MTaubenfeld@mcslaw.com
MChevallier@mcslaw.com
**PROPOSED ATTORNEYS FOR**
**TEXAS E&P OPERATING, INC.**
**DEBTOR & DEBTOR-IN-POSSESSION**

## CERTIFICATE OF CONFERENCE

The undersigned has and continues to have discussions with counsel for the Prepetition Lender with respect to use of cash collateral.

*/s/ J. Mark Chevallier    [2017-12-01]*
**J. MARK CHEVALLIER**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing pleading was served via the Court's ECF notification system or via email, or by first class mail, postage prepaid on December 1, 2017, on the attached service list.

*/s/ J. Mark Chevallier    [2017-12-01]*
**J. MARK CHEVALLIER**

Service List (Short) as of 11/30/17

Texas E&P Operating, Inc.
2201 N. Central Expressway, #240
Richardson, TX 75080

United States Trustee Office
c/o Nancy Resnick
1100 Commerce Street, Rm 976
Dallas, TX 75242
Nancy.Resnick@us.doj.gov

Leo Carey
Internal Revenue Service
Leo.V.Carey@irs.gov

**20 Largest Unsecured Creditors**:

Anchor Drilling Kelsey Fluids
c/o Kelsey McDowell
P. 0. Box 1390
Tulsa, OK 74101
kmcdowell@hicks-thomas.com

Baker Hughes
c/o Patrick Kelley
P. 0. Box 301057
Dallas, TX 75303
patkelley@icklaw.com

Citation Oil & Gas Corp.
c/o Edmundo Ramirez
P.O. Box 200206
Dallas, TX 75320
eor@ekrattorneys.com

Energy Drilling Company
c/o Scott D. Ellis
413 Liberty Rd.
Natchez, MS 39120

Flatrock Compression, Ltd.
c/o B. J. Ellis
17350 SH 249, Ste 249
Houston, TX 77064
bj.ellis@flatrockcompression.com

Integrity Directional
6701 Corporation Pkwy,
Ste 150
Fort Worth, TX 76126

Integrity Oilfield Services
P.O. Box2116
Houma, LA 70361

Key Energy Service
c/o Dave Ratliff
P. 0. Box 201858
Dallas, TX 75320

Kodiak Gas Services, LLC
c/o John Thomas Oldham
P. 0. Box 732235
Dallas, TX 75373
joldham@okinadams.com

Krage & Janvey, LLP
c/o Mark Hendrix
2100 Ross Ave., Ste 2600
Dallas, TX 75201
mhendrix@kjllp.com

Locke Lord LLP
c/o Ray White
P. 0. Box 911541
Dallas, TX 75391
ray.white@lockelord.com

Midway Energy Services
c/o Steven N. Allbritton
P. 0. Box 245
Elwood, TX 75852
s.allbritton@westwebblaw.com

Moss Adams
c/o Jeff Cheshier
8750 N. Central Expy, Ste 300
Dallas, TX 75231
jeff.cheshier@mossadams.com

New Tech Global Ventures
c/o R. Alex Weatherford
P.O. Box 4724
Houston, TX 77210
aweatherford@dorelawgroup.net

Odessa Pumps
1108 Al brad Ln., Ste B
Pharr, TX 78577

Offshore Oilfield Services
c/o Tina Romero
2828 West Gloria Switch Rd.
Carencro, LA 70520
oosinc@aol.com

QC Energy Resources, Inc
62660 Collections Center Dr.
Chicaqo, IL 60693

Trident Steel Corporation
 c/o Elise Miller
12825 Flushing Meadows Dr. Suite 110
Saint Louis, MO 63131
emiller@jdkglaw.com

Weatherford Branch Plant
c/o Misty Gasiorowski
120 Fred Rd.
Lake Charles, LA 70615
mgasiorowski@wkpz.com

Weatherford US, LP
c/o Misty Gasiorowski
P. 0. Box 200019
Houston, TX 77216
mgasiorowski@wkpz.com

**NOTICE OF APPEARANCE:**

| | | |
|---|---|---|
| | Prosperity Bank<br>c/o Howard Rubin, Esg.  **[ECF MAIL]**<br>Kessler Collins, P.C.<br>2100 Ross Ave., Suite 750<br>Dallas, TX 75201 | Prosperity Bank<br>c/o Daniel P. Callahan, Esg.  **[ECF MAIL]**<br>Kessler Collins, P.C.<br>2100 Ross Ave., Suite 750<br>Dallas, TX 75201 |
| Baker Hughes, A GE Company, LLC<br>c/o Phil Snow, K. Green, & Holly Hamm<br>Snow Spence Green LLP          **[ECF MAIL]**<br>2929 Allen Pkwy, Suite 2800<br>Houston, TX 77019 | Prosperity Bank<br>c/o John S. Hodge, Esg.  **[ECF MAIL]**<br>Wiener, Weiss & Madison, PC<br>P. O. Box 21990<br>Shreveport, LA 71120-1990 | Prosperity Bank<br>c/o R. Joseph Naus, Esg.  **[ECF MAIL]**<br>Wiener, Weiss & Madison, PC<br>P. O. Box 21990<br>Shreveport, LA 71120-1990 |

| Line Item | 1-Dec | 8-Dec | 15-Dec | 22-Dec | 29-Dec |
|---|---|---|---|---|---|
| Beginning Balance | - | 8,002.92 | 11,887.60 | 5,157.53 | 114,848.37 |
| Receipts | | | | | |
|     Oil and Gas Production | | | | 100,000.00 | |
|     Drilling Revenue | 35,000.00 | 35,000.00 | 35,000.00 | 35,000.00 | 35,000.00 |
|     Well Service | | | | | |
|     Other Income | | | | | |
|     TOCE | | | 1,500.00 | | |
| Total | 35,000.00 | 43,002.92 | 48,387.60 | 140,157.53 | 149,848.37 |
| Disbursements | | | | | |
|     Prosperity Payment | | | | | 25,000.00 |
|     Salaries | 20,509.31 | | 20,509.31 | | 20,509.31 |
|     Mark Plummer Salary | | 7,999.41 | 7,999.41 | | 7,999.41 |
|     Well Service Payments | | 4,500.00 | 6,000.00 | 4,500.00 | 6,000.00 |
|     Insurance | | | | | 20,000.00 |
|     BK Legal | | | | | |
|     Payroll Taxes | 6,487.77 | 2,233.58 | 8,721.35 | | 8,721.35 |
|     Production Costs | | | | | |
|     Traveler's Insurance | | | | | 5,858.58 |
|     Rent | | 16,382.33 | | | |
|     Vendors | | | | 20,809.16 | 4,575.91 |
| Total | 26,997.08 | 31,115.32 | 43,230.07 | 25,309.16 | 98,664.56 |
| Ending Balance | 8,002.92 | 11,887.60 | 5,157.53 | 114,848.37 | 51,183.81 |

**EX A - Page 1 of 1**