Robert Yaquinto, Jr.
State Bar No. 22115750
SHERMAN & YAQUINTO, L.L.P.
509 N. Montclair Avenue
Dallas, Texas 75208-5498
(214) 942-5502 (214) 946-7601
ATTORNEY CHAPTER 7 TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| | § | |
| TEXAS E&P OPERATING, INC., | § | CHAPTER 7 |
| | § | |
| *Debtor* | § | CASE NO. 17-34386-SGJ-7 |
| | § | |

**MOTION TO COMPROMISE CONTROVERSY UNDER RULE 9019 BETWEEN THE TRUSTEE AND DEFENDANT AUDACY, INC.**

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, BEFORE CLOSE OF BUSINESS ON NOVEMBER 25, 2024, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.

ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR EACH MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

TO THE HONORABLE STACY G. JERNIGAN,
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Robert Yaquinto, Jr., the chapter 7 trustee (the "Trustee") for the

bankruptcy estate (the "Estate") of Texas E&P Operating, Inc. (the "Debtor") and files this

*Trustee's Motion to Compromise Controversy under Rule 9019 between the Trustee and Defendant Audacy, Inc.* (the "Motion"), and respectfully states as follows in support thereof

**BACKGROUND**

1. Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*, "Bankruptcy Code") on November 29, 2017, in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court").

2. On January 19, 2018, Jason R. Searcy was appointed as Chapter 11 Trustee for the Debtor. Thereafter, on July 27, 2018, Debtor's Chapter 11 bankruptcy case was converted to a Chapter 7 bankruptcy case and Mr. Searcy was appointed as Chapter 7 Trustee.

3. On January 23, 2019, Robert Yaquinto, Jr. was appointed as successor Trustee following the unexpected death of Jason R. Searcy.

4. On November 26, 2019, the Trustee initiated Adversary Proceeding No. 19-03226-SGJ (the "Adversary Proceeding") against CBS Radio Inc. d/b/a CBS Radio Texas ("CBS Radio"), CBS Corporation ("CBS Corporation"), and Entercom Communications Corp. ("Entercom" and together with CBS Radio and CBS Corporation, the "Defendants"). Audacy, Inc. ("Audacy") is a Defendant in the Adversary Proceeding due to a name change from Entercom Communications Corp. to Audacy, Inc.

5. On July 14, 2020, the Trustee filed an Amended Complaint in the Adversary Proceeding. The Amended Complaint sought to avoid and recover certain payments to Defendants as preferential or fraudulent transfers under the Bankruptcy Code and applicable state fraudulent transfer law.

2

6. On July 13, 2022, the Bankruptcy Court entered judgment in the Adversary Proceeding (the "Judgment") in favor of Defendants and against the Trustee, which Judgment was affirmed on appeal by the United States District Court for the Northern District of Texas, Dallas Division, Case No. 3:22-cv001617-M on September 28, 2023.

7. On October 27, 2023, the Trustee appealed to the Fifth Circuit Court of Appeals (the "Fifth Circuit Appeal"), which Fifth Circuit Appeal remains pending as of the date of this Motion.

## THE SETTLEMENT

8. As a result of good faith negotiations, the Parties have reached an agreement to settle any and all claims asserted in the Adversary Proceeding and any and all other claims that exist or may exist between them (the "Settlement Agreement").

9. The material terms and provisions of the Settlement Agreement are as follows:

   a. Audacy shall pay or cause to be paid $150,000.00 (the "Settlement Payment") to the Trustee within ten (10) days after the Order approving this Motion is entered and has become final.

   b. The Trustee shall file a Notice of Dismissal of the Fifth Circuit Appeal no later than thirty (30) days after receipt of the Settlement Payment, dismissing the Fifth Circuit Appeal with prejudice.

   c. The Settlement Agreement provides for the following releases:
   (i) The Trustee and Audacy shall release, settle, compromise, acquit and forever discharge each other from any and all claims, causes, causes of action, damages, costs, expenses, and liabilities of any kind, character, or description, whether direct or indirect, known or unknown, contingent or noncontingent, disclosed or hidden, in law or in equity, that they have, had, or may have, or that exist or may exist.

   (ii) The Trustee shall release, settle, compromise, acquit, and forever discharge all past and present parents, subsidiaries, affiliates, representatives, attorneys, employees, agents and professionals of each of the Defendants in

the Adversary Proceeding (the "CBS Released Parties") from all claims asserted or described in the Adversary Proceeding or the Fifth Circuit Appeal, all claims for avoidance and recovery of any other transfers that could have been brought in the Adversary Proceeding or that such entity or individual received from Texas E&P Operating, Inc. or any of its predecessors, successors, or affiliates or any of their principals (including Mark A. Plummer), and any and all other claims that exist or may exist between them as of the date of the execution of the Settlement Agreement related to the Debtor or any of its predecessors, successors, or affiliates or any of their principals (including Mark A. Plummer).

(iii) CBS Corporation shall forever release, settle, compromise, acquit, and forever discharge the Trustee from any and all claims, causes, causes of action, damages, costs, expenses, and liabilities of any kind, character, or description, whether direct or indirect, known or unknown, contingent or noncontingent, disclosed or hidden, in law or in equity, that it has, had, or may have, or that exists or may exist relating to the Adversary Proceeding or the Fifth Circuit Appeal.

## SETTLEMENT STANDARDS

10. Federal Rule of Bankruptcy Procedure 9019(a) provides, in pertinent part, that "on motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement."

11. Bankruptcy Rule 9019 empowers a bankruptcy court to approve compromises and settlements if they are "fair and equitable and in the best interest of the estate." *Official Comm. of Unsecured Creditors v. Cajun Elec. Power Coop., Inc. (In re Cajun Elec. Power **Coop**., Inc.),* 119 F.3d 349, 355 (5th Cir. 1997); *Connecticut Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortgage Corp.),* 68 F.3d 914, 917 (5th Cir. 1995).`

12. The Fifth Circuit has adopted a three-part test for assessing the fairness and reasonableness of a proposed settlement:

> [W]e apply the three-part test set out in *Jackson Brewing* with a focus on comparing the terms of the compromise with the likely rewards of litigation. A bankruptcy court must evaluate: (1) the probability of success in litigating the claim subject to settlement, with due consideration for uncertainty in fact and law; (2) the complexity and likely duration of litigation and any attendant expense, inconvenience, and delay, and (3) all other factors bearing on the wisdom of the compromise. The "other" factors—the so-called *Foster Mortgage* factors—include: (i) the best interest of the creditors, with proper deference to their reasonable views; and (ii) the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion.

*See Off. Comm. of Unsecured Creditors v. Moeller (In re Age Refin., Inc.),* 801 F.3d 530, 540 (5th Cir. 2015) (internal quotation marks omitted) (citing *Rivercity v. Herpel (In re Jackson Brewing Co.),* 624 F.2d 599, 602-03 (5th Cir. 1980); *Cajun Elec.,* 119 F.3d at 356; *Foster Mortg.,* 68 F.3d 914 at 917-18).

13. Approval of a proposed compromise is left to the sound discretion of the reviewing court. *See, e.g., In re Hibbard Brown & Co., Inc.,* 217 B.R. 41, 45-46 (Bankr. S.D. N.Y. 1998) (noting that courts should exercise their discretion in light of the general public policy favoring settlements). Generally, when evaluating a settlement, the bankruptcy court is not to decide the issues in dispute. *Watts v. Williams,* 154 B.R. 56, 59 (S.D. Tex. 1993). The court "is not to decide the numerous questions of law and fact raised" by the compromise but is "to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *ARS Brook, LLC v. Jalbert (In re ServiSense.com, Inc.),* 382 F.3d 68, 72 (1st Cir. 2004).

14. A settlement's proponents bear the burden of establishing the fairness of a compromise; however, the court does not conduct a mini trial or evidentiary hearing to adjudicate the issues being settled. *Cajun Elec.,* 119 F.3d at 355. "The burden is not high." *In re Allied Props., LLC,* No. 06-33754, 2007 Bankr. LEXIS 2174 at *11, 2007 WL 1849017 at *15 (Bankr. S.D. Tex. June 25, 2007). Courts generally rely heavily on the Trustee or Debtor and defer to its

5

judgment, provided there is a "legitimate business justification" for the settlement. *Myers v. Martin (In re Martin),* 91 F.3d 389, 395 (3rd Cir. 1996). "As long as [the decision to settle] appears to enhance a debtor's estate, court approval. . . should only be withheld if the debtor's judgment is clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code." *Richmond Leasing Co. v. Capital Bank, N.A.,* 762 F.2d 1303, 1309 (5th Cir. 1985).

15. The Trustee submits that the proposed compromise falls well within the range of reasonableness and meets the standards of *Jackson Brewing* and other Fifth Circuit precedent. "Controlling authority weighs in favor of the approval of the compromise and settlement in light of the practical reality that compromises are . . . oftentimes desirable and wise methods of bringing to a close proceedings [that are] otherwise lengthy, complicated and costly." *Jackson Brewing,* 624 F.2d at 602 (quoting *Case v. Los Angeles Lumber Prods. Co.,* 308 U.S. 106, 130 (1939)).

**APPLICATION OF RELEVANT FACTORS TO SETTLEMENT AGREEMENT**

16. <u>Probabilities of Success in Litigating.</u> The Trustee has carefully evaluated his claims in the Fifth Circuit Appeal. The Trustee believes his claims in the Fifth Circuit Appeal are meritorious. Defendants have vigorously defended the claims and have indicated that, without a settlement, they will continue to do so. While both Parties believe they would ultimately prevail in the Fifth Circuit Appeal, the Parties agree that the uncertainties of fact and law impact the probability of success for each of them. Because of this, the Trustee has concluded the proposed settlement properly recognizes the present risks attendant with continuing to pursue the Fifth Circuit Appeal. This factor favors settlement.

17. <u>Complexity, Expense, Inconvenience, and Delay from Litigation.</u> This matter involves complex issues of law and fact and the outcome of the Fifth Circuit Appeal is

6

uncertain. Further, litigating this Adversary Proceeding has already involved substantial expense, inconvenience, and delays that the Estate does not have sufficient assets to bear presently. The Estate is presently administratively insolvent. Continuing to pursue the Fifth Circuit Appeal would result in even greater cost and delay. In sum, continuing to prosecute the Fifth Circuit Appeal would involve high costs, inconvenience, and delay, and the outcome of the Fifth Circuit Appeal is uncertain. This factor favors settlement.

18. <u>Paramount Interest of the Creditors with Deference.</u> No creditors have expressed a view on the settlement at this point in time. The settlement is in the best interest of the Estate's creditors. As outlined above, the Estate is administratively insolvent. Continuing to pursue the Fifth Circuit Appeal would involve incurring additional costs with an uncertain outcome. Settling would bring funds immediately into the Estate, a portion of which the Trustee believes may be available to distribute to creditors. For all these reasons, the settlement maximizes the Estate's value, is in the creditors' best interests, and properly defers to their reasonable preferences. This factor favors settlement.

19. <u>Arm's-Length Bargaining.</u> The Estate has reached the settlement after several rounds of discussion with the Defendants. There is no conflict of interest held by any representative of the Defendants and the Trustee. No insiders of the Debtor or the Estate, including Mark Plummer or any of his affiliates, were involved in the settlement. The settlement is the product of an arms-length bargaining process, and no fraud or collusion exists. This factor favors settlement.

## CONCLUSION

The Trustee wishes to finally and fully settle the Adversary Proceeding and the Fifth Circuit Appeal and to grant certain releases on the terms set out above and in the Settlement Agreement. The Settlement Agreement reached is in the best interests of the Estate and was reached through arms'-length negotiation. Accordingly, the Trustee believes the Court should approve the Motion.

WHEREFORE, the Trustee requests that the Court enter an Order (i) approving this Motion; (ii) authorizing the Trustee, Audacy, Inc. and CBS Corporation to enter into the Settlement Agreement attached hereto as Exhibit A; and (iii) granting the Trustee such other and further relief to which he is justly entitled.

Dated this 5th day of November 2024.

Respectfully submitted,

/s/ Robert Yaquinto, Jr.
Robert Yaquinto, Jr.
State Bar No. 22115750
Sherman & Yaquinto, L.L.P.
509 N Montclair Ave.
Dallas, TX, 75208-5450
Tel 214-942-5502
Fax: 214/946-7601

ATTORNEY FOR TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of November 2024, a true and correct copy of the foregoing document was electronically filed and served on all parties receiving filings by the Court's electronic service system and on the attached list electronically or by regular U.S. Mail, postage prepaid.

/s/ Robert Yaquinto, Jr.
Robert Yaquinto, Jr.

**DUE TO THE SIZE OF THE EXHIBIT AND SERVICE LIST, A COPY OF EACH HAS BEEN PROVIDED TO THE COURT, THE U.S. TRUSTEE and ANY PARTY RECEIVING FILINGS BY ECF. ANY PARTY WHO MAY WANT A COPY OF THE EXHIBIT OR SERVICE LIST, MAY MAKE A REQUEST IN WRITING TO: ROBERT YAQUINTO, JR., SHERMAN & YAQUINTO, L.L.P., 509 N. MONTCLAIR AVENUE, DALLAS, TEXAS 75208.**

EXHIBIT A

# **SETTLEMENT AGREEMENT**

THIS SETTLEMENT AGREEMENT ("Settlement Agreement") is entered into between Robert Yaquinto, Jr., solely in his capacity as the Chapter 7 Trustee (the "Trustee") for the Chapter 7 estate of Texas E&P Operating, Inc., and Audacy, Inc. (f/k/a Entercom Communications Corp.) ("Audacy"). The Trustee and Audacy, referred to herein collectively as the "Parties" and each individually as a "Party", agree as follows:

## **RECITALS**

**WHEREAS**, on November 29, 2017 ("Petition Date"), Texas E&P Operating, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing a bankruptcy case, Case No. 17-34386-SGJ (the "Bankruptcy Case"), in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"). The Bankruptcy Case subsequently converted to a case under Chapter 7 of the Bankruptcy Code on July 27, 2018. Mr. Yaquinto became successor Chapter 7 Trustee on January 26, 2019;

**WHEREAS,** on November 26, 2019, the Trustee commenced an adversary proceeding in the Bankruptcy Case, Adversary Proceeding No. 19-03226-SGJ (the "Adversary Proceeding") against CBS Radio Inc. d/b/a CBS Radio Texas, CBS Corporation and Entercom Communications Corp. (the "Defendants"), captioned Robert Yaquinto, Jr., Trustee v. CBS Radio, Inc. D/B/A CBS Radio Texas, CBS Corporation and Entercom Communications;

**WHEREAS**, Audacy is a Defendant in the Adversary Proceeding as a result of the name change from Entercom Communications Corp. to Audacy, Inc.

**WHEREAS**, on July 14, 2020, the Trustee filed an Amended Complaint in the Adversary Proceeding;

**WHEREAS**, the Bankruptcy Court entered judgment in the Adversary Proceeding (the "Judgment") in favor of Defendants and against the Trustee on July 13, 2022, which Judgment was affirmed on appeal by the United States District Court for the Northern District of Texas, Dallas Division, Case. No. 3:22-cv001617-M on September 28, 2023;

**WHEREAS**, the Trustee appealed to the Fifth Circuit Court of Appeals on October 27, 2023 ("Fifth Circuit Appeal"), which Fifth Circuit Appeal remains pending as of the date of this Settlement Agreement; and

**WHEREAS**, following good faith negotiations, the Parties have reached an agreement and desire to settle and compromise any and all claims asserted in the Adversary Proceeding and any and all other claims that exist or may exist between them on the terms set forth herein, to avoid the cost and uncertainty of further litigation.

**NOW, THEREFORE**, in consideration of the mutual terms and covenants to be performed by each party contained herein, the Parties agree as follows:

## AGREEMENT

1. <u>Incorporation of Recitals</u>**.** Each of the recitals set forth above is fully incorporated into and made a part of this Settlement Agreement.

2. <u>Settlement Motion</u>**.** Immediately following execution of this Settlement Agreement the Trustee shall file a Motion to Compromise Controversy (the "Settlement Motion") to obtain Bankruptcy Court approval of this Settlement Agreement.

3. The terms of the Settlement Agreement are as follows:

(a) Audacy shall pay the Trustee the sum of $150,000.00 (the "Settlement Payment") in full and final resolution of all claims and causes of action between the Trustee and the Defendants in the Adversary Proceeding, and such other claims as set forth in this Settlement Agreement. The Settlement

Payment will be paid within ten (10) days after the Order approving this Settlement Motion is entered and has become final.

(b) The Trustee shall file a Notice of Dismissal of the Fifth Circuit Appeal no later than thirty (30) days after receipt of the Settlement Payment, dismissing the Fifth Circuit Appeal with prejudice.

(c) The Settlement Agreement has been negotiated through arms-length negotiations consistent with the provisions of the Bankruptcy Code and Bankruptcy Rule 9019 and constitutes the good faith resolution of factual and legal disputes that may or may not have been otherwise attained if fully litigated.

4. Settlement Effective Date. This Settlement Agreement shall become effective upon satisfaction of each of the following conditions: (a) the Bankruptcy Court has approved the Settlement Motion by final, non-appealable order; (b) the Parties have executed the Settlement Agreement; and (c) the Trustee has received payment of the full amount of the Settlement Payment (such date, the "Settlement Effective Date").

5. Proofs of Claim. Defendants shall not file any proofs of claim in the Bankruptcy Case in connection with the Settlement Payment or any other claim that Defendants may have against the Debtors, and any such claim if filed shall be deemed immediately expunged without any further order of the Bankruptcy Court.

6. Releases. The Parties acknowledge and agree that this Settlement Agreement is intended to settle and fully resolve any and all claims that exist, or may exist, between them. Accordingly, in consideration of the foregoing agreements:

    a. The Parties hereby forever release, settle, compromise, acquit and forever discharge each other from any and all claims, causes, causes of action, damages, costs, expenses, and liabilities of any kind, character or description, whether direct or indirect, known or unknown, contingent or non-

contingent, disclosed or hidden, in law or in equity, that they have, had or may have, or that exist or may exist.

      b.      The Trustee hereby forever releases, settles, compromises, acquits and forever discharges all of the past and present parents, subsidiaries, affiliates, representatives, attorneys, employees, agents and professionals of each of the Defendants in the Adversary Proceeding ( the "CBS Released Parties") from all claims asserted or described in the Adversary Proceeding or the Fifth Circuit Appeal, all claims for avoidance and recovery of any other transfers that could have been brought in the Adversary Proceeding or that such entity or individual received from Texas E&P Operating, Inc. or any of its predecessors, successors, or affiliates or any of their principals (including Mark A. Plummer), and any and all other claims that exist or may exist between them as of the date of the execution of this Settlement Agreement related to Texas E&P Operating, Inc. or any of its predecessors, successors, or affiliates or any of their principals (including Mark A. Plummer). For avoidance of doubt, however, this Settlement Agreement has no impact whatsoever with respect to the Trustee's claims and causes of action against Mark A. Plummer and other entities associated with Mark A. Plummer (which shall not include any of the CBS Released Parties).

      c.      CBS Corporation hereby forever releases, settles, compromises, acquits and forever discharges the Trustee from any and all claims, causes, causes of action, damages, costs, expenses, and liabilities of any kind, character or description, whether direct or indirect, known or unknown, contingent or non-contingent, disclosed or hidden, in law or in equity, that it has, had or may have, or that exist or may exist relating to the Adversary Proceeding or the Fifth Circuit Appeal.

7.      <u>No Admission of Liability</u>. Each of the Parties acknowledges this Settlement Agreement is a compromise of disputed claims and that the Settlement Payment made hereunder is not intended to be construed as an admission of any liability by either Party.

8. <u>Attorney Fees</u>. Each Party shall bear his or its own attorneys' fees and costs relating to the Bankruptcy Case, the Adversary Proceeding, the Fifth Circuit Appeal, any other the matters released herein, the settlement negotiations between the Parties, and the drafting, negotiation and execution of this Settlement Agreement. However, if either Party must commence an action to enforce the terms of this Settlement Agreement, the prevailing party shall be entitled to an award, in addition to any other claims or damages, of its costs and expenses including attorneys' fees, in connection with said enforcement action.

9. <u>Limitation of Trustee's Liability</u>. Any obligation or liability whatsoever of Robert Yaquinto, Jr., as Trustee that may arise at any time under this Settlement Agreement shall be solely in his official capacity as Trustee and not in his personal capacity, and shall be satisfied, if at all, out of the assets vested in the Debtor's Bankruptcy Estate. No such obligation or liability shall be personally binding upon Robert Yaquinto, Jr., either individually or in any other professional capacity, or of any of his agents, employees, representatives or professionals, regardless of whether such obligation of liability is in the nature of contract, tort, or otherwise, and no resort for the enforcement thereof shall ever be had to any or all of their property or assets.

10. <u>Integration</u>. This is an integrated Settlement Agreement. The terms of this Settlement Agreement are contractual and are not merely recitals. This Settlement Agreement supersedes all prior representations and agreements, if any, between the parties or their legal counsel. This Settlement Agreement contains the entire and only understanding between the Parties. It may not be altered, amended or extinguished, except by a writing which expressly refers to this Settlement Agreement and which is signed subsequent to the execution of this Settlement Agreement by the party or parties to any such alteration, amendment or extinguishment, or their successors-in-interest. Any such alteration, amendment

or extinguishment must be executed by the party against whom enforcement is sought and is subject to approval by the Bankruptcy Court.

11. <u>Severability</u>.  If any term, provision, covenant or condition of this Settlement Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remainder of the provisions shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

12. <u>Construction</u>.  This Settlement Agreement shall be governed and construed in accordance with the internal laws, other than choice of law, of the State of Texas and, where applicable, the United States Bankruptcy Code.

13. <u>Jurisdiction</u>.  The Bankruptcy Court shall retain jurisdiction over this Settlement Agreement.

14. <u>Miscellaneous</u>.  As used in this Settlement Agreement, the masculine, feminine or neuter gender, or the singular or plural number, shall be deemed to include the others, whenever the text so indicates.  Captions and paragraph headings are inserted solely for convenience and shall not be deemed to restrict or limit the meaning of the text.  The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties.

15. <u>Authority</u>.  Each of the signatories to this Settlement Agreement warrants that he or she has the authority to sign on behalf of those Parties for whom the signatory has signed and that no other signature is required.

16. <u>Terms Read and Understood</u>.  The Parties to this Settlement Agreement hereby certify that they have read all of the terms of the foregoing Settlement Agreement, have conferred with counsel pertaining to same, or have had the full opportunity to do so, and fully understand all of the terms hereof, and the Parties hereby acknowledge and represent that they enter into this Settlement Agreement of their

own free will and not from any representation, commitment, promise, pressure or duress from any of the other Parties.

17. <u>Counterparts and Facsimile and PDF Signatures</u>. This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and will become effective and binding upon the Parties as provided herein, and all counterparts so executed shall constitute one Settlement Agreement binding on all the Parties hereto as provided herein, notwithstanding that all Parties are not signatories to the same counterpart. A facsimile signature or electronically-imaged signature in "pdf" format shall, for purposes of this Settlement Agreement, be deemed to constitute an original signature and be binding as such.

**In Witness Whereof**, the Parties have caused this Settlement Agreement to be executed as of October 21, 2024.

**ROBERT YAQUINTO, CHAPTER 7 TRUSTEE**

By: _____

Date: _____

**AUDACY, INC. (F/K/A ENTERCOM COMMUNICATIONS CORP.)**

By: _____

Its: _____

Date: _____

**CBS CORPORATION (ONLY AS TO PARAGRAPH 6)**

By: _____*Naomi Waltman*_____

Its: _____EVP, Deputy General Counsel_____

Date: _____10/23/2024_____

own free will and not from any representation, commitment, promise, pressure or duress from any of the other Parties.

17. <u>Counterparts and Facsimile and PDF Signatures</u>. This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and will become effective and binding upon the Parties as provided herein, and all counterparts so executed shall constitute one Settlement Agreement binding on all the Parties hereto as provided herein, notwithstanding that all Parties are not signatories to the same counterpart. A facsimile signature or electronically-imaged signature in "pdf" format shall, for purposes of this Settlement Agreement, be deemed to constitute an original signature and be binding as such.

**In Witness Whereof**, the Parties have caused this Settlement Agreement to be executed as of October 21, 2024.

**ROBERT YAQUINTO, CHAPTER 7 TRUSTEE**

By: _____

Date: _____

**AUDACY, INC. (F/K/A ENTERCOM COMMUNICATIONS CORP.)**

By: _____[signature]_____

Its: _____EVP / DGC_____

Date: _____10/22/24_____

**CBS CORPORATION (ONLY AS TO PARAGRAPH 6)**

By: _____

Its: _____

Date: _____

own free will and not from any representation, commitment, promise, pressure or duress from any of the other Parties.

17. <u>Counterparts and Facsimile and PDF Signatures</u>. This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and will become effective and binding upon the Parties as provided herein, and all counterparts so executed shall constitute one Settlement Agreement binding on all the Parties hereto as provided herein, notwithstanding that all Parties are not signatories to the same counterpart. A facsimile signature or electronically-imaged signature in "pdf" format shall, for purposes of this Settlement Agreement, be deemed to constitute an original signature and be binding as such.

**In Witness Whereof**, the Parties have caused this Settlement Agreement to be executed as of October 21, 2024.

**ROBERT YAQUINTO, CHAPTER 7 TRUSTEE**

By: _/s/ Robert Yaquinto_

Date: _10/22/24_

**AUDACY, INC. (F/K/A ENTERCOM COMMUNICATIONS CORP.)**

By: _____

Its: _____

Date: _____

**CBS CORPORATION (ONLY AS TO PARAGRAPH 6)**

By: _____

Its: _____

Date: _____